ORIGINAL

**CHANGE OF PLEA and PLEA AGREEMENT**

FILED IN CLERK'S OFFICE
U.S.D.C. Newnan

AUG 1 5 2008

JAMES N. HATTEN, Clerk
By _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CRIMINAL CASE NO. **1:06-CR-382-JTC**

Defendant **JARED ROBERT WHEAT**, having received a copy of the above-numbered criminal indictment, and having been arraigned, hereby changes his plea to GUILTY as to COUNT 1 thereof. The defendant, his counsel, and the United States Attorney for the Northern District of Georgia ("the Government"), as counsel for the United States, have agreed upon a negotiated plea in this case, pursuant to Fed. R. Crim. P. Rule 11(c)(1)(C) and subject to approval by the Court, the terms of which are as follows:

**I. ADMISSIONS**

1.   The defendant is pleading guilty because he is in fact guilty of the crime charged in Count 1.

2.   As to Count 1, the defendant specifically admits that:

   (a)   he knowingly and intentionally conspired with co-defendants STEPHEN SMITH, TOMASZ HOLDA, SERGIO OLIVEIRA and others to commit mail and wire fraud and to introduce into interstate commerce adulterated, misbranded, and unapproved new drugs with the intent to defraud and mislead;

   (b)   he knowingly and intentionally used HI-TECH PHARMACEUTICALS, INC., and related corporations under his control, to include American Weight Loss Clinic, Inc.; National Institute For Clinical Weight Loss,

Inc.; National Urological Group, Inc.; Pegasus Resources Limited; and Target Data Processing, Ltd., d/b/a Planet Pharmacy; to further this illegal conspiracy;

(c) the total value of such adulterated, misbranded, and unapproved new drugs introduced into interstate commerce -- and thus the fraud perpetrated on American consumers -- exceeded $1,000,000; and

(d) he was an organizer and leader of this criminal conspiracy, which involved more than four participants.

## II. WAIVERS

3. TRIAL. The defendant understands that by pleading guilty, he is giving up the right to be tried by a jury. At trial, the defendant would have the right to an attorney, and if he could not afford an attorney, the Court would appoint one to represent him. During his trial, the defendant would be presumed innocent and the Government would have the burden of proving him guilty beyond a reasonable doubt. The defendant would have the right to confront and cross-examine the witnesses against him. If the defendant wished, he could testify on his own behalf and present evidence in his defense, and he could subpoena witnesses to testify on his behalf. If, however, the defendant did not wish to testify, that fact could not be used against him. If the defendant were found guilty after a trial, he would have the right to appeal the conviction. The defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind. Finally, the defendant understands that, to plead guilty, he may have to answer questions posed to him by the Court concerning the rights that he is giving up and the facts of this case, and his answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

4.     APPEAL. The defendant understands that Title 18, United States Code, §3742, provides for the appeal by a defendant of his sentence under certain circumstances. Should the Court accept this Agreement and sentence the defendant according to its terms, then, to the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal his plea, conviction, and sentence and the right to collaterally attack his plea, conviction, and sentence in any post-conviction proceeding on any ground (to include, but not limited to, any motions pursuant to 28 U.S.C. §§ 2254 or 2255). The defendant understands that this Agreement does not limit the Government's right to appeal, but if the Government files an appeal, the defendant, too, may appeal.

5.     DNA. The parties agree that (a) no biological evidence (as defined in 18 U.S.C. § 3600A) has been identified in this case and (b) that no evidence will be preserved for DNA testing.

6.     FOIA. The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## III. SENTENCING

7.     The defendant understands that, based on his plea of guilty, he will be subject to the following penalties:
    (a)    Maximum term of imprisonment: 5 years
    (b)    Mandatory minimum term of imprisonment: none
    (c)    Term of supervised release: 2-3 years

  (d) Maximum fine: $250,000

  (e) Mandatory special assessment: $100.

The defendant further understands that, before imposing sentence in this case, the Court shall consider the provisions of the United States Sentencing Guidelines but is not bound by them and thus may depart from those guidelines as it deems reasonable and appropriate, to include imposing a sentence at the statutory maximum. However, if the Court departs from the terms of this Agreement in any material respect, the Defendant may withdraw his plea of guilty and proceed to trial.

8. This is a binding plea agreement being tendered pursuant to Fed. R. Crim. P. Rule 11(c)(1)(C). The defendant understands that the Court may defer acceptance of this agreement until after it has reviewed the Pre-Sentence Report (PSR) concerning the defendant. Fed. R. Crim. P. 11(c)(3). However, if the Court, upon consideration of the PSR, decides to reject this agreement, the defendant may withdraw his guilty plea. Fed. R. Crim. P. 11(c)(5)(b).

9. The defendant and Government agree that the 2007 edition of the Guidelines apply in this case and that the defendant's Guidelines calculations should be as follows:

| | | |
|---|---|---|
| Base offense level | 6 | (§ 2B1.1(a)(2) and admissions) |
| > $1,000,000 in fraud | +16 | (§ 2B1.1(b)(1)(I) and admissions) |
| Aggravating role | +4 | (§ 3B1.1(a) and admissions) |
| Acceptance | -3 | (§ 3E1.1) |
| Final offense level | 23 | |

10. In consideration of the substantial assistance provided by the defendant, as will be documented in a formal submission to the Court prior to sentencing, the Government will recommend a downward Guidelines departure of three levels

4

pursuant to § 5K1.1.

11.     Given the Guidelines calculation set forth above and the expected downward departure, the parties agree to the following specific sentencing terms:

    (a)    Term of imprisonment: 37 months

    (b)    Term of supervised release: two years

    (c)    Fine: ∅

    (d)    Criminal forfeiture: $3,000,000

    (e)    Restitution: ∅

    (f)    Mandatory special assessment: $100.

The parties additionally agree that the defendant should not be responsible for his cost of incarceration.

12.     The Government's concurrence that the defendant's sentence should be reduced due to his acceptance of responsibility may be withdrawn if, after entering this Agreement, the defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the defendant falsely deny or attempt to minimize his involvement in relevant offense conduct, give conflicting statements about his involvement, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility and the terms of the Agreement will have been violated, relieving the Government, and, ultimately, the Court, of any obligation to abide by its terms.

13.     The Government agrees that upon the sentencing of the defendant, and with leave of the Court, it will file a dismissal of all remaining counts of the superseding Indictment, as well as the original indictment, pursuant to Rule 48(a) of the Federal

5

Rules of Criminal Procedure. The defendant understands that the Probation Office and the Court may still consider the conduct underlying dismissed counts in determining relevant conduct under the Sentencing Guidelines. The defendant will not be charged in the Northern District of Georgia with any other violations of federal criminal law for his involvement prior to February 2006 in the importation, distribution, manufacture, or possession of adulterated, misbranded or unapproved new drugs.

14. With regard to any sentencing recommendation for or other benefit to the defendant established by this Agreement, the defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation or benefit, the Government may bring that evidence to the attention of the Court and the Probation Office and may, if it deems it justified, repudiate and abandon that recommendation or benefit and thus the Agreement itself. However, should the Government change any of its sentencing recommendations from the terms set forth in this Agreement, the defendant would be authorized to withdraw from the Agreement.

## IV. FORFEITURE

15. The defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to the following assets:
    a. $3,000,000 in United States currency;
    b. 2000 Ferrari 360 Modena F, VIN ZFFYR51B000119410;
    c. 2006 Maserati Quattroporte, VIN ZAMCE39A460024317;
    d. 1994 Honda CR9 Motorcycle, VIN JH2SC2806RM201365; and
    e. all machinery, equipment, supplies, and non-herbal pharmaceutical ingredients formerly connected with the operation of Target Data Processing, Ltd., in Ladyville, Belize, and presently stored in Belize.

As to the item described in sub-paragraph a, the Government will accept as satisfaction of $2,000,000 of the forfeiture amount all funds in Panama currently owned, held or otherwise controlled by the defendant. However, should another agency of the federal government, before sentencing in this case, agree to accept the Panamanian funds in connection with its own judgment, fine or forfeiture that may be levied against the defendant, the defendant agrees to pay all $3,000,000 of the criminal forfeiture in this case from assets currently seized or otherwise encumbered by the Government at sentencing. As to the items described in sub-paragraphs b - e, the defendant represents that he is either the sole owner of such property or has sufficient legal authority over or ownership interest in said items to authorize and empower their complete forfeiture to the Government.

16.   As soon as practicable after sentencing, the Government will release any other holds, liens, lis pendens or other legal restraints on any other property of the defendant that may have been seized, attached or otherwise encumbered as part of the criminal investigation into his illegal pharmaceutical import business. The defendant understands and agrees that any such funds or other assets that are "released" pursuant to this paragraph may well be subject to collection efforts by other agencies of the United States Government and that such collection efforts do not constitute a violation of this Agreement. The defendant agrees to hold all law enforcement agents and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure or forfeiture of any asset covered by this agreement.

17.   The defendant waives all interest in or claim to any asset to be forfeited pursuant to this agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal, and the defendant agrees that the

forfeiture may be accomplished either administratively or judicially at the Government's option. If the government elects to proceed judicially against any asset, the defendant hereby consents to the entry of orders of forfeiture and waives the requirements of Federal Rules of Criminal Procedure 7, 11, 32.2, 41, and 43 as they apply in any manner to any forfeiture issue. If the Government elects to proceed administratively, the defendant hereby consents to the entry of a declaration of forfeiture and waives the requirements of 18 U.S.C. § 983 regarding notice of seizure in non-judicial forfeiture matters.

18. With regard to all forfeitable assets, the defendant agrees not to file a claim or petition for remission for such asset in any administrative or judicial proceedings that may be initiated or that have been initiated. To the extent that the defendant has filed a claim or petition for remission for any such asset, the defendant hereby immediately withdraws his claim or petition, consents to forfeiture of the asset, and agrees to execute all documents necessary to facilitate forfeiture of the asset. The defendant waives any further notice of the forfeiture of any asset covered by this Plea Agreement, agrees to take all steps requested by the United States to pass clear title to the forfeitable assets to the United States, and agrees to testify truthfully in any judicial forfeiture proceeding.

19. The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the assets listed in paragraph 15, above. The defendant freely, voluntarily, knowingly and intelligently waives all constitutional, legal, and equitable defenses to forfeiture of assets described by this Plea Agreement. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, collateral attack, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any

grounds, including that the forfeiture constitutes an excessive fine or punishment.

20.    By entering into this Plea Agreement, the defendant authorizes the Court to immediately enter a preliminary order of forfeiture against all property to be forfeited pursuant to this agreement, consents to that order becoming final as to him at the time of sentencing, and agrees that the order shall become part of his sentence and be incorporated into the judgment against him automatically at the time of its entry without further action from the Court.

## V. OTHER MATTERS

21.    The defendant understands and agrees that the Government's recommendations incorporated within this Agreement or otherwise discussed between the parties are not binding on the Court until the Court has determined whether it accepts the proposed sentencing terms. If the Court does not accept those terms, the defendant may withdraw his guilty plea. The defendant further understands and agrees that both parties may make additional recommendations, not set forth in this Agreement, so long as they are consistent with the terms of this Agreement.

22.    The Government reserves the right to inform the Court and the Probation Office of all facts and circumstances regarding the defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law.

23. There are no other agreements, promises, representations, or understandings between the defendant and the Government.

In open court this 15th day of August, 2008.

_____
Attorney for Defendant
**BRUCE MORRIS**

_____
Defendant
**JARED ROBERT WHEAT**

_____
Attorney for Defendant
**VICTOR KELLEY**

_____
Assistant U.S. Attorney
**DOUGLAS GILFILLAN**

_____
Assistant U.S. Attorney
**ROBERT McBURNEY**

_____        8-15-08
Supervisory U.S. Attorney                     DATE
**RANDY CHARTASH**

10

## CERTIFICATION OF DEFENDANT AND COUNSEL

I have read the Criminal Indictment the Government has filed against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my sentence or challenging my sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

_____     _____8/15/08_____
SIGNATURE (Defendant)          DATE

I am JARED ROBERT WHEAT's lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into this Agreement.

_____     _____8/15/08_____
SIGNATURE (Defense Attorney)   DATE

11

INFORMATION BELOW MUST BE TYPED OR PRINTED

Bruce Morris
NAME (Attorney for Defendant)

2540 Tower Pl.
3340 Peachtree Rd
STREET

Atl GA    30326
CITY & STATE    ZIP CODE

PHONE NUMBER  4-262-2500

Jared Robert Wheat
NAME (Defendant)

5400 Laithbank Ln.
STREET

Alpharetta GA    30022
CITY & STATE    ZIP CODE

PHONE NUMBER  4-918-2684

STATE BAR OF GEORGIA NUMBER  523575

Filed in Open Court

_____

By _____