UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL CASE |
| | ) |
| JARED ROBERT WHEAT | ) NO. 1:06-CR-382-JTC |
| | ) (Superseding) |
| Defendant. | ) |

**CONSENT PRELIMINARY ORDER OF FORFEITURE**

The Court having accepted the guilty plea of the Defendant Jared Robert Wheat to Count One of the Superseding Indictment, pursuant to which the Government sought forfeiture of certain property under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and the Court having determined, based upon the Defendant's admissions in the plea agreement and during the plea colloquy, that the property described below is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), that the Government has established the requisite nexus between said property and the offenses charged in Count One of the Superseding Indictment, and the Defendant having consented to this Consent Preliminary Order of Forfeiture becoming final as to him, being made a part of his sentence, and being included in the judgment against him;

IT IS HEREBY ORDERED that the Defendant shall forfeit to the Government the following property, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) as property constituting, or

derived from, proceeds obtained directly or indirectly, as a result of the violation(s) to which the defendant is pleading guilty:

- A.  $3,000,000.00 in United States currency;
- B.  2000 Ferrari 360 Modena F, VIN ZFFYR51B000119410;
- C.  2006 Maserati Quattroporte, VIN ZAMCE39A460024317;
- D.  1994 Honda CR9 Motorcycle, VIN JH2SC2806RM201365; and
- E.  all machinery, equipment, supplies, and non-herbal pharmaceutical ingredients formerly connected with the operation of Target Data Processing, Ltd., in Ladyville, Belize, and presently stored in Belize.

IT IS HEREBY ORDERED that, upon the entry of this Order, the United States Attorney General, or his designee, is authorized to seize the above-listed property in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, subject to the conditions set forth in the plea agreement between the Defendant and the United States.

IT IS HEREBY FURTHER ORDERED that, upon entry of this Order, the United States Attorney General, or his designee, is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

The United States shall publish notice of this Order and its intent to dispose of the property in such a manner as the United States Attorney General, or his designee, may direct. The United

States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the above-listed property.

Pursuant to 21 U.S.C. § 853(n)(2), any person, other than the named Defendant, asserting a legal interest in the above-described property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of their alleged interest in the property, and for an amendment to the Order of Forfeiture. Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstance of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

After the disposition of any motion filed under Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the property following the Court's disposition of all third-party interests, or,

if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

IT IS FURTHER ORDERED that, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture is hereby final as to the Defendant. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Rule 32.2(c)(2) of the Federal Rules of Criminal Procedures.

SO ORDERED this _____ day of _____, 2009.

_____
JACK T. CAMP
UNITED STATES DISTRICT JUDGE

4

Consented to by:

| ATTORNEYS FOR THE GOVERNMENT: | ATTORNEY FOR DEFENDANT: |
|---|---|
| DAVID E. NAHMIAS<br>UNITED STATES ATTORNEY<br><br>*[signature]*<br><br>MICHAEL JOHN BROWN<br>ASSISTANT UNITED STATES ATTORNEY<br>Georgia Bar No.: 064437<br>600 United States Courthouse<br>75 Spring Street, S.W.<br>Atlanta, GA 30303<br>(404) 581-6131 - Phone<br>(404) 581-6181 - Fax | *[signature]*<br><br>BRUCE MORRIS<br>FINESTONE & MORRIS<br>Georgia Bar No.<br>3340 Peachtree Street, N.E.<br>2540 Tower Place<br>Atlanta, GA 30326<br>(404) 262-2500 - Phone |